IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 4 2003

CLERK

JOSEPH BARBOA a/k/a
JOSEPH SANDOVAL,

    Plaintiff,

v.

No. CIV-03-0126 WPJ/LFG

JOHN SHANKS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Because the filing fee has been paid, Plaintiff's motions for extension of time will be denied as moot, and, for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims for denial of necessary medical treatment and access to the courts. Plaintiff alleges that he suffers severe chronic pain as a result of a gunshot injury, and that Defendants have failed and refused to treat the condition or prescribe pain medication. He also alleges that Defendants do not provide adequate legal assistance. The complaint states that administrative remedies have been exhausted and asks for damages and equitable relief.

With respect to Plaintiff's first claim, the complaint contains no allegations against Defendants Shanks, LeMaster, Perulla, Bell, or O'Shannon affirmatively linking them to the various violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of supervisees or other workers. *Id.* Furthermore, the allegation of a single two-hour delay in responding to a medical request against (Doe) Nurse does not support an Eighth Amendment claim. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Claims against Defendants Shanks, LeMaster, Perulla, Bell, (Doe) Nurse, and O'Shannon will be dismissed.

Plaintiff's second claim, for denial of access to the courts as a result of Defendants' failure to provide him with New Mexico legal materials and assistance, requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).

2

Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges that he cannot obtain certain lawbooks or assistance from officials in New Mexico. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on this claim.

IT IS THEREFORE ORDERED that Plaintiff's motions for extension of time (Doc. #7 and #9) are DENIED as moot;

IT IS FURTHER ORDERED that claim II of the complaint is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Shanks, LeMaster, Perulla, Bell, (Doe) Nurse, and O'Shannon are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses for Defendants Penn, Marez, Fire, Lopez, Palmer, Houges, Addus Inc., and Correctional Medical Systems.

UNITED STATES DISTRICT JUDGE