**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUL  0 8 2003

JOSEPH BARBOA a/k/a
JOSEPH SANDOVAL,

    Plaintiff,

v.                      No. CIV-03-0126 WPJ/LFG

JOHN SHANKS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to reconsider (Doc. #15) filed May 5, 2003. The motion, which invokes Fed.R.Civ.P. 59(e), is construed under Fed.R.Civ.P. 60(b) because it was filed more than ten days after entry of the order of April 14, 2003. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff asks that the order be set aside and claims reinstated. He also asks for an evidentiary hearing and equitable relief. The motion will be denied.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Lyons v. New Mexico Dept. of Corrections*, No. 00-2448, 2001 WL 433396, at *1 (10th Cir. April 27, 2001) (quoting *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). "However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary

to accomplish justice," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996), and "it is an abuse of discretion to grant relief where no basis for that relief exists." *Id.* at 580. "[R]evisiting the issues already addressed . . . and 'advanc[ing] new arguments or supporting facts which were otherwise available . . .' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The motion is considered under these standards.

Upon second review of the complaint, the Court finds no error in the dismissal order of April 14, 2003. In the order, the Court dismissed Plaintiff's claims against Defendants Shanks, LeMaster, Perulla, Bell, (Doe) Nurse, and O'Shannon for lack of personal involvement in the constitutional violations. The claim of denial of access to the courts also was dismissed, because the allegations of failure to provide legal materials and assistance do not state a claim for relief under 42 U.S.C. § 1983. The dismissed Defendants are supervisory personnel, and the denial-of-access claim does not allege active interference with Plaintiff's filings. The motion does not make a showing of "clear error or . . . manifest injustice," *Lyons*, 2001 WL 433396, at *1, and will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to reconsider (Doc. #15) filed May 5, 2003, is DENIED.

UNITED STATES DISTRICT JUDGE